IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMIL GEORGE,**  *Plaintiff,*  v.  **POLICE OFFICER TIMOTHY MCGINN, PHILADELPHIA POLICE OFFICER TIMOTHY CLIGETT, PHILADELPHIA POLICE OFFICER KEVIN CONWAY, SR.,** and **PHILADELPHIA POLICE OFFICER(S) JOHN DOE(S), et al.**  *Defendants.* | Case No. 24-cv-4253 |

## MEMORANDUM

Costello, J.                                                                                           December 18, 2024

### I.     INTRODUCTION

Plaintiff Jamil George alleges assault, battery, intentional infliction of emotional distress, and civil conspiracy arising from his arrest by Police Officers Timothy McGinn, Timothy Cliggett, and Kevin Conway, Sr. on October 28, 2021.  The United States has certified that Cliggett was acting as a federal employee at the time of Plaintiff's arrest.  Plaintiff offers no specific factual rebuttal to this.  As a result, under the Federal Tort Claims Act (the "FTCA"), the United States is the appropriate party for any torts that Cliggett allegedly committed against the Plaintiff during his arrest.  Further, because Plaintiff has failed to exhaust his administrative remedies under the FTCA, his claims against the United States (as substituted defendant) will be dismissed without prejudice for lack of subject matter jurisdiction.  With the FTCA claims dismissed, the Court will remand the remaining claims against McGinn and Conway.

## II.     THE UNITED STATES IS THE APPROPRIATE PARTY

The FTCA provides the exclusive avenue for redress of an individual's tort claims against the United States and "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §§ 2679(b)(1), 1346(b)(1), 2674. If a plaintiff brings claims against an individual federal employee in state court, the Attorney General's delegee[1] can remove the matter to federal court and seek to have the United States substituted as the party defendant:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2).

The United States has provided a timely certification that Mr. Cliggett was acting as a deputized task force officer for the U.S. Marshal Service at the time of the arrest.[2] The certification "is *prima facie* evidence that the employee's challenged conduct occurred within the scope of employment … Thus, a plaintiff challenging the certification has the burden of coming forward with specific facts rebutting it." *Giordano v. Hohns*, 714 F. Supp. 3d 564, 571 (E.D. Pa. 2024) (quoting *Schrob v. Catterson*, 967 F.2d 929, 936 (3d Cir. 1992)). Plaintiff has not done so.

---

[1] *See* 28 C.F.R. § 15.4 (authorizing U.S. Attorney to make scope of employment certifications).

[2] Plaintiff claims that the removal of this matter was not timely. However, the FTCA provides that the United States may remove a case from state court "at any time before trial." 28 U.S.C. § 2679(d)(2). It is undisputed that the case was removed before trial.

Plaintiff claims that it is unclear whether Cliggett was acting as a Philadelphia Police Officer or task force officer at the time of his arrest.  In support, Plaintiff notes that the Philadelphia Law Department, and not the U.S. Attorney's Office, represented Cliggett before removal of this case to federal court.  This observation is not sufficient to rebut the certification.  The identity of Cliggett's legal representation before removal is not determinative of his status.  Pursuant to statute, task force officers are deemed federal employees for purposes of the FTCA.  5 U.S.C. § 3374(c)(2).  Because Plaintiff has not provided specific facts rebutting the certification, this "proceeding shall be deemed to be an action or proceeding brought against the United States" and "the United States shall be substituted as the party defendant."  28 U.S.C. § 2679(d)(2).  Therefore, the Court will grant the motion substituting the United States for Cliggett.

### III.     PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES

To bring a tort claim against the United States, a plaintiff must file a notice of claim with the appropriate federal agency for a sum certain within two years of the claim's accrual.  28 U.S.C. § 2675(a), (b).  This requirement is jurisdictional and cannot be waived.  *White-Squire v. U.S. Postal Service*, 592 F.3d 453, 457 (3d Cir. 2010).  Therefore, if a plaintiff has failed to file a notice of claim, courts are compelled to dismiss the lawsuit.  However, a plaintiff can cure this defect so long as the plaintiff filed suit within two years of the claim's accrual and the claim is presented to the appropriate federal agency within 60 days of dismissal.  28 U.S.C. § 2679(d)(5).  Here, Plaintiff did not submit a claim prior to filing suit on October 27, 2023.  However, the lawsuit involved conduct that allegedly occurred on October 28, 2021.  Therefore, Plaintiff filed suit within two years of the claim's accrual.  Accordingly, the Court will dismiss Plaintiff's claims as to the United States without prejudice.  Plaintiff will have 60 days to present a claim to the U.S. Marshals Service.  28 U.S.C. § 2679(d)(5)(B).

**IV.    REMAND OF THE REMAINING CLAIMS**

With the FTCA claims dismissed, the only remaining claims arise under state tort law between citizens of the same state. A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Here, Plaintiff argues that in the absence of federal jurisdiction, the case should be remanded because the case was pending for nine months before the Court of Common Pleas, and the parties already engaged in motion practice and preliminary discovery in that court. The Court agrees and will decline to exercise supplemental jurisdiction over the state tort claims against the non-federal defendants. *See Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."); *see also Bukhari v. PNC Bank, N.A.*, No. 20-1529, 2020 WL 4748293, at *4 (E.D. Pa. Aug. 17, 2020). Under the circumstances presented here, there is no affirmative justification for retaining jurisdiction.

**V.    CONCLUSION**

For the foregoing reasons, the Court will enter an Order substituting the United States as the party defendant in place of Cliggett, dismissing Plaintiff's claims against the United States without prejudice, and remanding the claims against McGinn and Conway to the Philadelphia Court of Common Pleas.

BY THE COURT:

_____
MARY KAY COSTELLO, J.